UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC RODNEY HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>GOVERNMENT FOR THE )<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>)<br>Defendants. ) | Civil Action No. 1:22-cv-03692 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for the reasons explained herein.

The complaint is not a model in clarity. Plaintiff appears to challenge the constitutionality of previous criminal proceedings against him in the Superior Court of the District of Columbia, as well as the resulting criminal convictions in those proceedings. He demands $4 million for violations of his civil rights pursuant to 42 U.S.C. § 1983.

First, insofar as plaintiff is mounting a challenge to his Superior Court conviction or sentence, this court is without jurisdiction to adjudicate the claim. "Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-1 l0(a), and "shall not be entertained . . . by any

Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*," id.* § 23-1 10(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-1 10(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-1 10(a).").

Second, with respect to plaintiff's demand for damages, the Supreme Court has stated that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). If judgment were to be granted in plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Id.* at 487. Therefore, because there is no indication that any convictions have been set aside, plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction. *See Williams v. Hill,* 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

For these reasons, the court dismisses the complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

/s/ Amy B Jackson

AMY BERMAN JACKSON

Date:  December 21, 2022                     United States District Judge